UNITED STATES COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:21-cv-494

REDGY DOSSOUS,

    Plaintiff,

v.

UNIVERSAL STUDIOS HOTEL III, LLC d/b/a
UCF Hotel Venture III, d/b/a Loews Sapphire Falls
Resort, and LOHP III, LLC d/b/a UCF Hotel
Venture III, d/b/a Loews Sapphire Falls Resort,

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, REDGY DOSSOUS ("Dossous" or "Plaintiff"), by and through his undersigned attorneys, and files this action against Defendants, UNIVERSAL STUDIOS HOTEL III, LLC d/b/a UCF Hotel Venture III, d/b/a Loews Sapphire Falls Resort ("Universal Studios") and LOHP III, LLC d/b/a UCF Hotel Venture III, d/b/a Loews Sapphire Falls Resort ("LOHP") (collectively "Defendants"), and alleges:

## PARTIES

1.    Plaintiff, Dossous, is a citizen of the State of Florida.

2.    Defendant, Universal Studios, is a citizen of the State of Delaware, with its principal place of business in Orlando, Florida. Universal Studios operates the Loews Sapphire Falls Resort in Orlando, Florida providing lodging and other services including valet services.

3.    Defendant, LOHP, is a citizen of the State of Delaware, with its principal place of business in New York, New York. LOHP operates the Loews Sapphire Falls Resort in Orlando, Florida, in conjunction with Universal Studios, providing lodging and other services including valet services.

## JURISDICTION

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that there is complete diversity between the Plaintiff and the Defendants, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

5.      Defendants engage in substantial and not isolated business activity in Orange County, Florida. Specifically, the Loews Sapphire Falls Resort is located in Orange County, Florida and is the location where the incident that gives rise to this action occurred.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as the incident at issue and bodily injuries occurred in Orange County, Florida. Moreover, the Loews Sapphire Falls Resort is located in Orange County, Florida.

## GENERAL ALLEGATIONS

7.      On March 16, 2020, Dossous, was injured on the premises of the Loews Sapphire Falls Resort located at 6601 Adventure Way, Orlando, FL 32819 (the "Premises"), which is owned and operated by Defendants.

8.      At that time and place, Dossous was acting within the course and scope of his employment as a valet driver employed by SP+, an independent contractor engaged by Defendants to provide valet services to the guests of the Loews Sapphire Falls Resort.

9.      SP+ is Dossous' employer, not Defendants.

10.     At all times material hereto, Defendants retained control of the services provided by SP+ and its employees, and also owned and maintained the valet office area where the incident occurred.

11.     On March 16, 2020, Dossous entered the valet office which was constructed, maintained, and designated by Defendants for use by the valet drivers of SP+. Dossous entered the office to retrieve keys to a vehicle of one of the guests of the Loews Sapphire Falls Resort.

12.     The keys to the vehicles of the customers, along with safety binders and a number of documents and valet receipts, are stored in a large and heavy wooden cabinet located in the valet office on the Premises, which was negligently mounted to the wall and/or improperly constructed by Defendants.

13.     As Dossous opened the cabinet, the cabinet detached from the wall and violently crashed onto Dossous' right shoulder and neck resulting in bodily injuries sustained by Dossous.

14.     Defendants were on actual and/or constructive notice that the concealed danger of the cabinet on the Premises was unsafe for the employees of SP+ providing valet services.

15.     Defendants negligently created and/or negligently approved the dangerous cabinet that Defendants negligently mounted onto the wall.

16.     Defendants did not provide warning of same to Dossous or SP+ (including its supervising personnel) before and/or at the time the cabinet was utilized by Dossous.

17.     At all material times, SP+ was without actual or constructive knowledge of the dangerous cabinet that Defendants negligently mounted on the Premises, i.e. the valet office.

18.     As a result of Defendants' inadequate warning system and/or inadequate maintenance, Dossous was unaware of the unsafe condition that existed on the Premises. Thus, he was unable to avoid the hard and forceful impact caused by the cabinet violently crashing onto his body (or parts thereof).

19.     All conditions precedent have been performed or otherwise waived.

## COUNT I – NEGLIGENCE
### (Against Universal Studios and LOHP)

20.     Dossous re-incorporates paragraphs 1 through 19 as fully alleged herein.

21.     Defendants owned, occupied, leased, subleased, constructed, repaired, designed, controlled, possessed, maintained, managed and/or operated the Premises so as to cause the large and heavy wooden cabinet to negligently detach from the wall and fall on Dossous' right shoulder and neck on March 16, 2020. Defendants failed to properly mount to the wall or otherwise secure or stabilize the cabinet causing the dangerous condition to exist.

22.     At that time and place, Defendants owed Dossous a duty to maintain the Premises (which includes the valet office) in a reasonably safe condition free from any and all dangerous and/or hazardous conditions which existed on the Premises (including the valet office) and which Defendants knew or should have known of said dangerous condition with the exercise of reasonable care.

23.     At all times material hereto, Defendants had an affirmative duty to Dossous to warn or inform him of dangerous and/or hazardous conditions, which Defendants knew or should have known existed with the exercise of reasonable care.

24.     At all material times, Dossous acted responsibly and with due care in a normal manner as expected of a person simply opening the door to a cabinet and could not have reasonably discovered the dangerous condition.

25.     At all times material hereto, Defendants breached their duty and was thereby negligent by doing or failing to do the following:

    a.  Failing to properly maintain and/or inspect the valet office on the Premises from potentially hazardous conditions;

b.   Failing to correct a dangerous condition which foreseeably could have, and in fact did, cause serious and permanent bodily injuries to Dossous;

c.   Failing to properly mount the cabinet in the valet office on the Premises so that it would not detach from the wall;

d.   Failing to secure or stabilize the cabinet in the valet office on the Premises;

e.   Failing to provide procedures and policies concerning the inspection, maintenance, and/or repair of the cabinet in the valet office on the Premises;

f.   Failing to provide warning signs concerning the loose cabinet in and around the valet office on the Premises where the cabinet crushed Dossous.

26.   As a direct, foreseeable and proximate cause of Defendants' negligence and as a result of their breach of duty of care, Dossous suffered damages and serious personal bodily injury and resulting pain and suffering including, but not limited to, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition.  These damages and losses are either permanent or continuing in nature.  As a result of the negligence of Defendants, Dossous suffered significant damages and losses, which consist of past damages and damages that will continue into the future.

27.   At all material times herein, the aforesaid acts, omissions and conduct of Defendants, were careless and negligent. Therefore, Defendants are liable for the damages sustained by Dossous as alleged herein.

**WHEREFORE**, Plaintiff, REDGY DOSSOUS, demands judgment for damages against the Defendants, UNIVERSAL STUDIOS HOTEL III, LLC d/b/a UCF Hotel Venture III, d/b/a Loews Sapphire Falls Resort and LOHP III, LLC d/b/a UCF Hotel Venture III, d/b/a Loews

Sapphire Falls Resort, in excess of $75,000.00 and interests and costs, and requests a trial by jury on all issues so triable.

Respectfully Submitted on this 17th day of March, 2020

**Pike & Lustig, LLP**
***/s/ Andrew J. Boloy***
Michael J. Pike
Florida Bar No.: 617296
Daniel Lustig
Florida Bar No.: 059225
Andrew J. Boloy
Florida Bar No.: 1018487
1209 North Olive Avenue
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile:  (561) 855-7710
Designated email:  pleadings@pikelustig.com